IN THE SUPERIOR COURT OF DELAWARE

BON AYRE LAND, LLC.,          :
                             :
              Appellant,      :          C.A.No. K15A-09-005 JJC
                             :          In and for Kent County
       v.                    :
                             :
BON AYRE COMMUNITY           :
ASSOCIATION,                 :
                             :
              Appellee.       :

## ORDER

Submitted: November 23, 2016
Decided: December 2, 2016

On this 2nd day of December, 2016, having considered the briefing, arguments of the parties, and the decision of the Delaware Supreme Court in *Bon Ayre Land, LLC v. Bon Ayre Community Ass'n* (*Bon Ayre II*),[1] it appears that:

1. On August 24, 2015, an arbitrator appointed pursuant to Subchapter III of the Delaware Manufactured Home Owners and Community Owners Act (hereinafter the "Act"),[2] issued a decision denying Appellant Bon Ayre Land, LLC's (hereinafter "community owner's") application for a market rent increase from the members of the Bon Ayre Community Association (hereinafter the "home owners"). The community owner appealed the arbitrator's denial of the increase to this Court. Since the inception of the Act, this matter is the third rent increase application appealed by the parties involving rental agreements at the same Kent County manufactured home community.

---

[1] 2016 WL 5874838 (Del. Oct. 10, 2016).

[2] 25 *Del. C.* § 7040 *et seq.*

The first two appeals of arbitrator decisions were eventually heard by the Delaware Supreme Court.[3]

2. After briefing and oral argument were completed in the present case, the community owners separately filed an intervening appeal of the Superior Court's decision in *Bon Ayre II.* The issues and parties in this case mirrored those before the Supreme Court in *Bon Ayre II.* Accordingly, to best conserve the resources of the parties and the Court, the Court stayed the present matter pending the Delaware Supreme Court's decision in that case.

3. On October 10, 2016, the Supreme Court issued its decision in *Bon Ayre II*, resolving the two principal issues raised by the parties in their briefing in the instant matter.[4] This Court then lifted the stay in this action and the parties requested supplemental briefing regarding the appropriate course of action in the present case.

4. In *Bon Ayre II*, the Supreme Court held that based on the clear language of the Act, a proposed rental increase for market rent purposes also requires that such a proposed rental increase be "directly related to operating, maintaining, or improving" the community.[5] Furthermore, the Supreme Court held that the Act does not limit competent evidence of market rent to rents actually charged.[6] Namely, the Supreme Court held that advertised rents constitute admissible evidence in support of market rent increases.[7] The Supreme Court's decision reconciled the tension in the Act caused

---

[3] *See Bon Ayre Land, LLC v. Bon Ayre Community Ass'n (Bon Ayre I),* 133 A.3d 559, 2016 WL 747989 (Del. Feb. 25, 2016) (Table); *Bon Ayre II*, 2016 WL 5874838 (Del. Oct. 10, 2016).

[4] 2016 WL 5874838.

[5] *Id.* at *4.

[6] *Id.* at *6.

[7] *Id.*

2

as a result of litigants not being afforded compulsory process to compel potential business competitors to produce evidence of rents actually paid.

5. Here, before the Supreme Court issued its decision, the arbitrator found differently when denying the community owner's requested increase. Namely, the arbitrator held that a market rent increase "did not limit the community owner to require proof that all of the increases must be shown to have been spent on operation, maintenance, or improvement of the community."[8] Furthermore, the arbitrator rejected the opinion of the community owner's expert after finding that only rents actually charged constituted competent evidence of market rent.[9] In significant part, the community owner's expert relied upon advertised rents in rendering his opinion.

6. The Delaware Supreme Court's separate holding in *Bon Ayre I* is also relevant to this matter. Namely, there the Supreme Court held that a remand was appropriate if the arbitrator did not fully examine relevant issues.[10] In so holding, the Delaware Supreme Court strongly signaled that the scope of review by the Superior Court in appeals pursuant to the Act requires a substantial evidence and error of law review as opposed to a *de novo* consideration of the record.[11]

7. In the case at hand, the arbitrator did not apply the proper standard in evaluating a proposed market rent increase and did not make factual findings regarding the required statutory criteria. Furthermore, in rejecting the community owner's

---

[8] Appellant's Op. Brief Ex. A.

[9] *Id.*

[10] *Bon Ayre I*, 2016 WL 747989, at *3.

[11] *Id.* at *2; *see also December Corp. v. Wild Meadows Home Owner's Ass'n,* 2016 WL 3866272, at *4 (Del. Super. July 12, 2016) (applying the substantial evidence and legal error standard of review).

proposed increase in excess of the CPI-U, the arbitrator assigned no weight to advertised rents. In turn, because of that constricted view, he assigned no weight to the community owner's expert report offering an opinion regarding the appropriate market rent.

8. The home owners argue that notwithstanding an application of the wrong legal standard, the arbitrator's decision should be affirmed without remand. They argue that the community owner made the tactical decision to not submit evidence at the hearing relevant to the proposed rental increase being directly related to operations, maintenance, or improvements. They also argue that 25 *Del.C.* § 7043(b) requires, as a pre-requisite to a rent increase under the Act, that the community owners disclose to the home owners the support for claims that the market rent increase directly relates to operations, maintenance, or improvements. That subsection requires that at a meeting between the community owner and the home owners, "the community owner shall, in good faith, disclose in writing all of the material factors resulting in the decision to increase the rent."[12] Since the community owner did not do so here, the home owners argue that the community owner is barred from requesting the increase.

9. Lastly, with regard to the factual sufficiency of the evidence regarding market rent, the home owners argue that the arbitrator rejected the community owner's expert report based upon multiple credibility issues. Accordingly, they argue the actual rent charged versus advertised rent issue was essentially harmless error. The home owners argue that the arbitrator's decision should therefore be affirmed on the existing record. In the alternative, the home owners argue that if a remand is appropriate, the arbitrator should conduct the remand on the existing factual record without considering additional

---

[12] 25 *Del. C.* § 7043(b).

evidence.

10. In contrast, the community owner argues that the matter should be remanded with instructions that the arbitrator receive additional evidence. In support, the community owner emphasizes that two prior arbitrator orders applied the same erroneous standard and that this issue was not resolved until *Bon Ayre II*. Furthermore, the same arbitrator involved in this matter had previously found, in a separate case, that there was not a requirement for market rent increases to be directly related to operations, maintenance, or improvements. Accordingly, the community owner argues that it would be unfair to be bound by the existing record. Lastly, the community owner relies upon the Delaware Supreme Court's direction in *Bon Ayre I*, remanding a matter to the arbitrator where "[i]n fairness, any reversal of the arbitrator's decision [because of statutory construction of the Act], should have resulted in a remand to the arbitrator to allow him to take additional evidence . . .."[13]

11. In this case, the Court is persuaded that the matter should be remanded to the arbitrator so he can apply the standard articulated in *Bon Ayre II* for evaluating an application for a market rent increase and to weigh the evidence, as appropriate, given the recent guidance of the Delaware Supreme Court regarding advertised rents. The Court is mindful of the difficulties to date in applying the Act, and the uncertainty regarding its applicable standards. It is accordingly appropriate for the arbitrator to address the home owner's argument pursuant to Section 7043(b) of Title 25, as well as to decide if he should permit submission of further evidence regarding the relationship of the proposed increase to the operation, maintenance, or improvement of the property at issue.

---

[13] *Bon Ayre I*, 2016 WL 747989, at *3.

12. This Court, in applying a substantial evidence review, finds it inappropriate to make a *de novo* factual finding or to assume what the arbitrator would have found after examining the Act's proper criteria. Furthermore, this Court cannot make a factual finding regarding the credibility ultimately due the community owner's expert, given that advertised rents should have been considered. On balance, as the original hearing officer and fact finder, the arbitrator will be best suited to determine the ultimate scope of the record given the legal clarification now available.

WHEREFORE, for the reasons cited herein, the matter is REMANDED for the arbitrator to conduct further proceedings consistent with this decision.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge